(No. 877—Claimant awarded $3,355.00.)

POWERS-THOMPSON CONSTRUCTION COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

CONTRACT—*when State liable.* Where a contract has been entered into between the State and claimant for the construction of a portion of its hard road system, and claimant enters upon the performance of its contract according to the terms thereof, and afterwards the State, through its authorized department, changes the location of the highway as specified in the contract, and by reason thereof claimant is compelled to rearrange its plans and its plant and equipment forced to remain idle for a considerable period of time causing loss to claimant: *Held.* Claimant entitled to an award for the damage sustained by the change of the contract by the State.

BARR & BARR, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is a suit brought by Powers-Thompson Construction Company, a corporation organized under the laws of the State of Illinois, against the defendant, State of Illinois, to recover damages caused by a change made by defendant in a con-

tract with claimant to construct certain hard roads, and causing claimant's forces and machinery to be idle a long time.

The facts in the case are as follows: That on September 7, 1921, the said claimant entered into a contract with defendant, State, wherein the claimant, amongst other things, was to construct a concrete highway eighteen feet wide and do the necessary grading therefor along a portion of highway known as Section three (3) of State Bond Issue, Route No. 4, in the county of Will, State of Illinois, and to begin at Station No. 1343, a point near S. W. corner of S. W. ¼, Sec. 36, Town 33 N., R. 10, E. 3rd P. M., and extending in a northeasterly direction for a distance of 36,000 feet to what is known as Station 1703, for a consideration of One Hundred Fifty-five Thousand One Hundred Eight and 96/100 Dollars ($155,108.96), all in manner as set forth in the agreement of said date.

Said contract required, among other things, the claimant to commence the work not later than 15 days after date of notice to begin work and to complete same before December 1, 1922.

On August 1, 1921, claimant was duly notified by State to begin work within 15 days thereafter, which it did. The claimant constructed a large plant and a large amount of equipment at the Village of Elwood, that after claimant had completed the rough grading around two right-angle turns, as designated in contract, and laid its industrial tracks along the same, the State, acting through the Department of Public Works and Buildings, decided to change the location of said highway so as to *eliminate* said *right angles* by extending the road through what would have been the hypotenuse of a right triangle formed by the roadway.

Such change necessitated the taking of private property by the State, which it was unable to acquire till October, 1922; and that as a result claimant was compelled to re-arrange its plans so as to lay the southern portion first, instead of last as contemplated, and it was not able to begin laying concrete till June, 1922, causing a loss of time from April 1st to June 24th, during which time the plant and equipment were forced thereby to lie idle during said period; and for various other periods it lay idle, for which claimant claimed damages, and the State was then and there so notified.

Thereupon the Department of Public Works and Buildings, through its superintendent and other proper officers, reached an agreement in settlement of the damages caused as aforesaid, in the sum of $3,355.00. No objection is interposed by the Attorney General as to the settlement and the reasonableness of the same; but the Division of Highways could not pay same and recommended that same be filed with this court.

There is no dispute as to the facts and evidence in the case. The evidence establishes the claimant's right of action, and the court is of the opinion that the claim is reasonable and should be paid. The court accordingly awards claimant the sum of $3,355.00.